UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERENCE CHRISTOPHER POWELL                                                           PLAINTIFF

v.                                              No. 2:20-CV-02133

DEPUTY SAMMY ROGERS and
OFFICER JUDKINS                                                                     DEFENDANTS

**OPINION AND ORDER**

The Court has received a report and recommendation (Doc. 26) from Chief United States Magistrate Judge Mark E. Ford. This is a 42 U.S.C. § 1983 case in which Plaintiff brings official and individual capacity claims. Plaintiff claims Defendant Rogers violated Plaintiff's right to free exercise of religion and Defendant Judkins violated Plaintiff's right to be free from excessive use of force. The Magistrate recommends the Court grant in part and deny in part Defendants' motion (Doc. 19) for summary judgment. In particular, the Magistrate recommends the Court grant summary judgment for Defendants on Plaintiff's official capacity free exercise and excessive use of force claims and deny summary judgment on the individual capacity claims. Plaintiff filed objections (Doc. 27) to the report and recommendation.[1] Defendants neither filed objections nor responded to Plaintiff's objections. The Court has considered the report and recommendation de novo with respect to the official capacity claims, and the report and recommendation will be ADOPTED IN ITS ENTIRETY.

In adopting the report and recommendation, the Court notes that it shares the Magistrate's concern that, after reviewing Plaintiff's grievance and available video of the incident, superior

---

[1] Plaintiff's objections reveal a level of unfamiliarity with legal procedure common to laypersons. However, the substance of those objections is easily read as an objection to granting judgment against Plaintiff on the official capacity claims.

1

officers at Sebastian County Detention Center do not appear to have done anything to correct the conduct of deputies who omitted from their incident reports the removal of books from Plaintiff's cell.  The Court is also concerned that superior officers appear to have taken no corrective action with respect to the involved deputies' failure to comply with official policy requiring video documentation of the use of force.  Sebastian County requires deputies who anticipate a use of force or inmate confrontation to use a handheld camera to record the incident when, as here, deputies are present in sufficient number to do so.  (Doc. 21-7, p. 9).

The Court is careful to recognize that any failure of supervising officers to correct violations of policy on this record falls well short of the high standard necessary for a jury to impose official capacity liability under a theory of ratification.  *See, e.g.*, *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) (explaining requirements for liability under a theory of ratification).  Nor is it sufficient in this case to submit to the jury the question of whether a custom or practice of violations exists sufficient to impose official capacity liability.  *See, e.g.*, *Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (reiterating the need for multiple actual or alleged violations for liability under a theory of custom or practice).  Sebastian County should be aware, however, that the failure to correct policy violations may leave the County open in future § 1983 cases to official-capacity claims on the basis of custom or practice.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 19) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to official capacity claims.  The motion is otherwise DENIED.

IT IS SO ORDERED this 20th day of August, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE